UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00745-RGJ-CHL

**MICHAEL ERNSPIKER,**                                                                                          **Plaintiff,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY,**                                          **Defendant.**

**MEMORANDUM OPINION & ORDER**

Before the Court is the Unopposed Motion for Leave to Seal Document filed by Defendant Norfolk Southern Railway Company ("Norfolk"). (DN 41.) Plaintiff Michael Ernspiker ("Plaintiff") did not file a reply, and the time to do so has expired. Plaintiff filed a Motion for Leave to Seal concurrently with Norfolk's motion for leave to seal. (DN 43.) Norfolk did not file a reply, and the time to do so has expired. Therefore, the motions are ripe for review.

**I.      BACKGROUND**

Plaintiff brought this discrimination action against Norfolk alleging violations of the Americans with Disability Act ("ADA"). (*See* DN 1.) The Parties participated in a settlement conference before the undersigned on March 21, 2022. (DN 29.) Upon successful resolution of the claims, District Judge Rebecca G. Jennings dismissed the action without prejudice and directed the Parties to tender an agreed order dismissing this case on or before May 13, 2022. (*See* DN 30.) The Parties were ultimately unable to tender the agreed order of dismissal due to disagreement regarding the terms of Norfolk's proposed written settlement agreement. (*See generally* DNs 31, 32, 33, 34, and 37.) Shortly thereafter, Norfolk filed a motion to enforce the settlement agreement ("Norfolk's Motion to Enforce"). (DN 42.) Plaintiff filed a competing motion to enforce settlement ("Plaintiff's Motion to Enforce") on that same day. (DN 44.) Norfolk's Motion to

Enforce and Plaintiff's Motion to Enforce (collectively "Motions to Enforce") were filed provisionally under seal and accompanied by the instant motions for leave to seal.

## II.  LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a Motion to Seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). " '[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

## III.  DISCUSSION

Norfolk requests that the Court seal the entirety of Norfolk's Motion to Enforce, including its memorandum in support of the motion and accompanying exhibits. (DN 41 at 128.) In support

of the seal, Norfolk asserts that it seeks to prevent public disclosure of information essential to the settlement, including the terms and amount of settlement, which "the Parties agree should be confidential." (*Id.*) Norfolk further asserts that redaction is not possible in lieu of filing under seal because the information that would be redacted is "relevant to [Norfolk's] Motion to Enforce." (*Id.* at 129.) Plaintiff supports Norfolk's request. (*Id.*; *see also* DN 43.) The subject matter of Plaintiff' Motion to Enforce is the same as Norfolk's and his exhibits subject to seal include drafts of Norfolk's proposed settlement agreement. (DN 43 at 228.) Thus, Plaintiff requests the Court to seal in its entirety his Motion to Enforce and the accompanying exhibits because "even though said agreements are not signed or binding on either party, [Norfolk] has requested that said information be filed under seal." (*Id.*)

Neither Party cites controlling precedent nor references the standard set forth by the Sixth Circuit for restricting public access to court records. Notwithstanding the Parties' agreement that a document should be sealed, the movant *must* provide compelling reasons justifying the seal. *Rudd,* 834 F.3d at 589. Indeed, a movant must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed and "specificity is essential" in that endeavor. *Shane Grp.*, F.3d at 307-08. Even when a movant provides a compelling reason for sealing documents, that movant must still demonstrate "on a document-by-document, line-by-line basis" that a seal is "narrowly tailored to serve that reason." *Id.* at 305, 308. Here, Norfolk and Plaintiff do not even attempt a legal or factual analysis. The Motions to Enforce and their attached draft settlement agreements and related communications are not analyzed at all, much less on a line-by-line basis, and the Parties provide no explanation of why public disclosure would result in serious injury to either of them. Norfolk offers no more than a sentence to express that redaction is not possible. Norfolk fails to show how a blanket seal squares with its obligation under *Shane* to

demonstrate that the requested seal is narrowly tailored. *Id.* The presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.") Thus, the Court finds that the Parties failed to meet the high bar set forth by the Sixth Circuit in order to seal the documents in question.

      Despite the Parties' failure to assume the applicable burden in their instant motions, the Court may afford the Parties an additional opportunity to articulate why documents at issue warrant sealing in the interest of encouraging settlement. The Court notes that "while there is no recognized settlement-negotiations privilege *per se*, there is a policy interest in facilitating and encouraging settlements, an interest which is well-served by preserving the confidentiality of parties' communications during the mediation process." *Jackson v. General Electric Aviation*, No. 1:19-CV-629, 2020 WL 5290535, at *2 (S.D. Ohio Sept. 4, 2020) (quoting *Davis v. Alcoa, Inc.*, No. 17-13658, 2019 WL 3346075, at *1 (E.D. Mich. June 10, 2019). The Sixth Circuit "has always recognized the need for, and the constitutionality of, secrecy in settlement agreements." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 980 (6th Cir. 2003). Here, at least some exhibits at issue involve the Parties' communications during the mediation process. Further, as it pertains to written settlement agreements, this Court has held that the "settlement privilege does not extend to finalized settlement agreements." *Renfrow-Pike v. Bruce*, No. 3:21-CV-178, 2022 WL 1571768, at *3 (W.D. Ky. May 18, 2022) (quoting *Rogers v. Webstaurant Store, Inc.*, No. 4:18-CV-00074, 2018 WL 6728757, at *3 (W.D. Ky. Dec. 21, 2018)). The exhibits containing

Norfolk's proposed settlement agreements are not finalized settlements at this juncture of the litigation, although the Court acknowledges that the possibility remains at least until resolution of the Motions to Enforce.  Lastly, the Court finds that this litigation is not of the type that involves great public concern considering that it involves a dispute between a single individual and his employer.  Where, as here, the movant seeks to seal information that is "not a matter of public concern," maintaining confidentiality can provide a basis to overcome the presumption of public access in the interest of "encouraging open and honest communications during settlement and then preserving that confidentiality when it is tested in court[.]"  *Jackson*, 2020 WL 5290535 at *2-3. Therefore, Plaintiff's and Norfolk's motions for leave to seal are denied without prejudice and the Court will allow the Parties to file properly supported supplements to their respective motions to seal.

### IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that

(1) The Parties' motions for leave to seal (DNs 41, 43) are **DENIED WITHOUT PREJUDICE**.

(2) DN 42 and DN 44 shall remain **provisionally under seal** pending any renewed motion to seal the settlement agreement between Plaintiff and Norfolk and references thereto in the Parties' underlying briefs. The Parties may file such a motion, either jointly or individually, no later than **October 20, 2023**. No responses or replies are permitted. Absent a timely and meritorious motion, these documents will be unsealed.

September 19, 2023

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record
Michael Ernspiker, *pro se* Plaintiff (via email and Certified Mail)

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.